ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EZEQUIEL HEREDIA FELIPE<br><br>Parte Recurrida<br><br><br>v.<br><br><br>MIKHAIL DÍAZ MELÉNDEZ<br><br>Parte Peticionaria | TA2026CE00136 | *Certiorari,*<br>procedente del Tribunal de Primera Instancia, Sala Municipal de Fajardo<br><br>Caso Núm.:<br>CU2025MU0004<br><br>Sala: 102<br><br>Sobre:<br>Ley Núm. 284-1999 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de febrero de 2026.

Compareció ante este Tribunal la parte peticionaria, el Sr. Mikhail Díaz Meléndez (en adelante, el "señor Díaz Meléndez" o Peticionario"), mediante recurso de *certiorari* presentado el 5 de febrero de 2026. Nos solicitó la revocación de la *Resolución Interlocutoria* emitida y notificada por el Tribunal de Primera Instancia, Sala Municipal de Fajardo (en adelante, "TPI"), el 20 de enero de 2026. Mediante el aludido dictamen, el foro recurrido declaró "No Ha Lugar" la *Solicitud de Devolución de Arma de Fuego* presentada por el Peticionario.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* ante nuestra consideración y *confirmamos* la *Resolución Interlocutoria* recurrida.

**I.**

El caso de epígrafe tuvo su origen el 16 de octubre de 2025, con la presentación de una "**Petición de Orden de Protección**" por parte del Sr. Ezequiel Heredia Felipe (en adelante, el "señor Heredia Felipe" o

"Recurrido") en contra del señor Díaz Meléndez, al amparo de la Ley Núm. 284-1999, *infra.* Mediante la misma, alegó lo siguiente:

ME ENCONTRABA ABRIENDO MI NEGOCIO DE COMIDA, Y SE ENCONTRABAJN [sic] UNOS TRABAJADORES (MUNICIPALES) HACIENDO MEJORAS AL ESPACIO COMUN [sic] DE LA PLAZA DEL MERCADO, EL SR. MIKAIL LLEGO [sic] HASTA EL OTRO LADO DE LA CALLE FRENTE A MI NEGOCIO Y COMENZO [sic] A TOMAR FOTOS DE MI NEGOCIO Y DE MI Y DE MI EMPLEADO EL CUAL ES MI HERMANO, Y MIRANDO Y SEÑALANDOME [sic] DE MANERA AMENAZANTE E INTIMIDANTE. ME SENTI [sic] PERSEGUIDO Y ACUSADO COMO SI ESTUVIERA HACIENDO ALGO INDEBIDO.

[…]

ESE DIA [sic] FUI AL CUARTEL PORQUE EL AGTE MONELL SE COMUNICO [sic] CONMIGO VIA [sic] TELEFONICA [sic] PARA QUE ME PERSONARA AL CUARTEL DE LA POLICIA [sic], CUANDO LLEGO AL CUARTEL EL SR. MIKAIL Y SU ESPOSA SE ENCONTRABAN YA EN EL CUARTEL, ME DIJO QUE ERA PARA RESOLVER LO DE LA MUSICA [sic] QUE HABIA [sic] FRENTE A MI NEGOCIO LA CUAL NO ERA DE NOSOTROS ERA DEL GRUPO DE TRABAJADORES DEL MUNICIPIO. LUEGO EL SR. MIKAIL ME ACUSO [sic] QUE TENIAMOS [sic] MUSICA [sic] INDEBIDA QUE NO LO PUEDEN ESCUCHAR LOS NIÑOS NI JOVENES [sic] NI ADULTOS. ME DISCRIMINO [sic] POR SER DOMINICANO ME DIJO ESTAS ALZAITO DOMINICANO AL FIN. ME MANIFESTO [sic] QUE HAGA LO QUE YO QUIERA, QUE EL VA A HACER LO QUE EL QUIERA. YA ANTERIORMENTE EL [sic] A IDO A MI NEGOCIO A CONFRONTARME Y AMENAZARME QUE QUITE LA MUSICA [sic] Y QUE NOSOTROS TENEMOS REGLAS Y QUE EL NO TIENE REGLAS EN SU NEGOCIO. YO NO ESTOY BUSCANDO PROBLEMAS EL [sic] ES EL QUE VA A MI NEGOCIO A BUSCAR PROBLEMAS. TENGO MIEDO DE QUE ME PASE ALGO A MI, A MIS EMPLEADO [sic] Y A MI NEGOCIO. EL TIENE ARMA DE FUEGO.[1]

Ese mismo día, tras evaluar la prueba presentada, el Tribunal concluyó que existían motivos suficientes para expedir una "**Orden de Protección Ex Parte**" a favor del señor Heredia Felipe. Específicamente, determinó que la conducta del Peticionario configuraba un patrón de conducta persistente y reflejaba la intención manifiesta del señor Díaz Meléndez de intimidar al Recurrido. Asimismo, resaltó que existía una probabilidad sustancial de riesgo inmediato de maltrato.

En vista de lo anterior, se le prohibió al señor Díaz Meléndez lo siguiente:

Acercarse, molestar, intimidar, amenazar o de cualquier forma interferir con la parte peticionaria, los (las) menores, sus

---

[1] *Véase*, <u>SUMAC-TPI</u>, entrada Núm. 1.

familiares, sus compañeros(as) de trabajo; y acercarse al hogar, trabajo, escuela, cuido, vehículo, o interferir con los bienes y las finanzas de la parte peticionaria o de los (las) menores bajo su custodia.

Interferir, contactar o comunicarse con la parte peticionaria o los (las) menores por cualquier medio, incluyendo, pero sin limitarse a, llamadas telefónicas, mensajes de texto o de voz, cartas, facsímiles, métodos impresos, redes sociales, medios electrónicos o por conducto de terceras personas.[2]

Igualmente, se le ordenó entregar al Negociado de la Policía de Puerto Rico cualquier arma de fuego y licencia de armas que le perteneciera o estuviera bajo su control. El 16 de octubre de 2025, la referida *Orden de Protección* fue enmendada a los fines de extenderla hasta el 20 de noviembre de 2025, fecha en que se celebraría la vista del caso. Llegado el día, las partes afirmaron su intención de desistir de la aludida medida cautelar, por lo que el TPI ordenó el cierre y archivo de la misma. Así las cosas, el 3 de diciembre de 2025, el señor Díaz Meléndez presentó una *Moción Informativa* mediante la cual solicitó la devolución de sus armas, puesto que el foro recurrido así lo había ordenado durante la vista celebrada el 20 de noviembre de 2025. Finalmente, el 20 de enero de 2026, el foro de instancia emitió una *Resolución Interlocutoria* a través de la cual declaró "No Ha Lugar" dicho petitorio.

En particular, precisó que, en la vista celebrada, no se ordenó la devolución de arma alguna. Asimismo, destacó que el Peticionario, en su solicitud, no acompañó evidencia alguna que demostrara que poseía una licencia de armas válida y/o vigente o si ha sido objeto de actuación administrativa por parte del Negociado de la Policía de Puerto Rico. Del mismo modo, expuso que del expediente no surgía información esencial sobre el arma reclamada, su custodia actual ni el cumplimiento con el resto de los requisitos reglamentarios aplicables. Así, sostuvo que dicha omisión colocaba al TPI en una posición de imposibilidad jurídica para evaluar adecuadamente la procedencia de la solicitud.

Añadió el juzgador de instancia que existía un vacío normativo en la Ley Núm. 184-1999, *supra*, que le impedía ordenar la devolución de armas

---

[2] *Véase,* SUMAC-TPI, Entrada Núm. 2.

incautadas y que, por el carácter limitado de competencia de la sala municipal, dicha solicitud estaba fuera de su jurisdicción. Añadió que se desconocía si el Peticionario estaba sujeto a alguna otra orden de protección y que si la licencia de armas que presuntamente poseía el Díaz Meléndez fue expedida bajo la Ley Núm. 168-2019, según enmendada, conocida como la "Ley de Armas de Puerto Rico de 2020", 25 LPRA secs. 461 *et seq.*, lo cual desconocía, esta última establece como requisito de elegibilidad que la persona no estuviera sujeta a una orden judicial de protección durante los doce (12) meses previos. Finalmente, concluyó que cualquier reclamación sobre un arma de fuego incautada o con la revocación, suspensión o no restitución de una licencia de armas como consecuencia de la expedición de una orden a tenor con la Ley Núm. 284-1999, *supra*, debía canalizarse por vía de los trámites administrativos ante el Negociado de la Policía de Puerto Rico o ante el Tribunal de Primera Instancia, Sala Superior, como foro de competencia general.

Inconforme con lo anteriormente resuelto, el Peticionario acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló los siguientes errores:

**Erró el TPI al declarar No Ha Lugar la solicitud de devolución de licencia de armas, cuando la jurisdicción y competencia para tal solicitud corresponde al Tribunal Municipal, quien ordenó la ocupación de la misma.**

**Erró el TPI al determinar que para estimarse procedente la devolución de la licencia de armas, depende del estatuto legal bajo el cual se haya expedido dicha licencia.**

**Erró el TPI al determinar que es improcedente la devolución de la licencia de armas, por haber estado el peticionado sujeto a una orden de protección durante los 12 meses previos a la solicitud de devolución hecha al Tribunal.**

El 6 de febrero de 2026, emitimos *Resolución* mediante la cual le concedimos a la parte recurrida un plazo para presentar su alegato en oposición. Ha transcurrido en exceso del término otorgado a dicha parte sin que presentara prórroga o cumpliera con lo ordenado.

En vista de lo anterior, resolvemos sin el beneficio de su comparecencia.

## II.

### A.

La Ley Núm. 284-1999, según enmendada, mejor conocida como la "Ley Contra el Acecho en Puerto Rico", 33 LPRA sec. 4013 *et seq.,* (en adelante, la "Ley Núm. 284-1999"), fue promulgada con el fin ulterior de tipificar como delito aquella conducta constitutiva de acecho que induzca temor en el ánimo de una persona prudente y razonable de sufrir algún daño en su persona o sus bienes y a su vez, proveer los mecanismos adecuados para intervenir oportunamente. *Véase,* Exposición de Motivos de la Ley Núm. 248-1999. De igual forma, pretende evitar que la referida conducta culmine en actos de violencia que atenten contra la integridad física de la víctima. Íd. Así pues, la política pública de dicha pieza legislativa se enfoca en erradicar cualquier tipo de manifestación de violencia que atente contra los valores de paz, dignidad, seguridad y respeto. 33 LPRA sec. 4013. En sintonía con lo anterior, define el acecho de la siguiente manera:

> [C]onducta mediante la cual se ejerce una vigilancia sobre determinada persona; se envían comunicaciones verbales o escritas no deseadas a una determinada persona, se realizan amenazas escritas, verbales o implícitas a determinada persona, se efectúan actos de vandalismo dirigidos a determinada persona, se hostiga repetidamente mediante palabras, gestos o acciones dirigidas a intimidar, amenazar o perseguir a la víctima o a miembros de su familia. 33 LPRA sec. 4013 (a).

Para cumplir con los objetivos previamente mencionados, el Artículo 5 del referido estatuto establece que las personas que han sido víctima de acecho pueden presentar por sí, por conducto de su representante legal o por un agente del orden público, una petición en el tribunal solicitando una orden de protección, sin que sea necesario la radicación de una denuncia o acusación. 33 LPRA sec. 4015 (a). Ahora bien, cuando el tribunal determine que existen motivos suficientes para creer que la parte peticionaria ha sido víctima de acecho, podrá emitir una orden de protección y ordenará a la parte peticionada entregar a la Policía de Puerto Rico para su custodia, bien sea con carácter temporero, indefinido o permanente, cualquier arma de fuego sobre la cual se le haya expedido una licencia de tener o poseer de portación. 33 LPRA sec. 4015 (c).

Finalmente, la orden puede incluir, entre otras cosas, lo siguiente: (1) ordenar a la parte peticionada abstenerse de molestar, hostigar, perseguir, intimidar o amenazar a la parte peticionada; (2) ordenar a la parte peticionada abstenerse de penetrar en cualquier lugar donde se encuentre la parte peticionaria; (3) ordenar a la parte peticionada pagar una indemnización económica por los daños que fueron causados por la conducta constitutiva de acecho; y (4) ordenar a la parte peticionada a desalojar la residencia que comparte con la parte peticionaria. Íd. Además, el Tribunal puede emitir cualquier orden necesaria para dar cumplimiento a los propósitos y a la política pública de la Ley Núm. 284-1999, *supra.*

**B.**

La Ley Núm. 168-2019, según enmendada, mejor conocida como la "Ley de Armas de Puerto Rico de 2020" (en adelante, "Ley Núm. 168-2019"), fue promulgada con el fin ulterior de establecer un marco normativo en armonía con la Segunda Enmienda de la Constitución de Estados Unidos y la jurisprudencia Tribunal Supremo federal. En virtud de ello, se reconoce de manera expresa que "en Puerto Rico el portar y poseer armas de fuego es un derecho fundamental, e individual, al igual que en el resto de la Nación". Exposición de Motivos de la Ley Núm. 168-2019, *supra*.

En lo concerniente a la controversia ante nos, el Artículo 2.02 de la referida ley dispone que se expedirán licencias de armas a los peticionarios que cumplan con los siguientes requisitos:

(1) Haber cumplido veintiún (21) años de edad; o haber cumplido dieciocho (18) años de edad y haber juramentado como integrante del Negociado de la Policía, Policía Municipal u Oficial de Custodia del Departamento de Corrección.
(2) Tener un expediente negativo de antecedentes penales y no encontrarse acusado y pendiente o en proceso de juicio por algunos de los delitos enumerados en el Artículo 2.09 de esta Ley o sus equivalentes, tanto en Puerto Rico, como en cualquier jurisdicción de Estados Unidos, a nivel federal o en cualquier país extranjero.
(3) No ser adicto a sustancias controladas o ebrio habitual.
(4) No estar declarado incapaz mental por un Tribunal con jurisdicción.
(5) No haber sido separado de manera deshonrosa de las fuerzas armadas, de alguna agencia del orden público o por algunos de los delitos enumerados en el Artículo 2.09 de esta Ley o sus equivalentes, tanto en Puerto Rico, como en cualquier jurisdicción de Estados Unidos, o por el uso indebido de su arma de fuego.

(6) No incurrir ni pertenecer a organizaciones que incurran en actos de violencia o dirigidos al derrocamiento del gobierno constituido.

(7) No estar bajo una orden del tribunal, o haber estado en cualquier momento durante los pasados doce meses previos a la fecha de solicitud, que le prohíba acosar, espiar, amenazar o acercarse a un compañero íntimo, algún familiar de este o a persona alguna.

(8) Ser ciudadano o residente legal de Estados Unidos de América.

(9) No ser persona impedida por el "Federal Gun Control Act of 1968" a recibir, transportar o enviar armas de fuego o municiones. 25 LPRA sec. 462a.

Por su parte, dicho estatuto dispone que, de resultar el acusado con una determinación de no culpabilidad o no causa, en cualquier etapa del proceso criminal y el ministerio público ha agotado todos los remedios reconocidos en las Reglas de Procedimiento Criminal, salvo que exista una orden de protección en su contra por violencia de género, acecho o maltrato en cualquiera de sus vertientes, el juez vendrá obligado a ordenar la inmediata devolución de la licencia de armas y de todas las armas de fuego y municiones. 25 LPRA sec. 462g. Además, toda arma de fuego y munición devuelta deberá entregarse en la misma condición en que se ocuparon. Íd.

**III.**

En el presente caso, el señor Díaz Meléndez nos solicitó la revocación de la *Resolución Interlocutoria* del TPI mediante la cual se declaró "No Ha Lugar" la *Solicitud de Devolución de Arma de Fuego* presentada.

Los señalamientos de error esgrimidos se encuentran íntimamente relacionados, por lo que se abordarán de manera conjunta en la discusión. En detalle, el Peticionario argumenta que el TPI erró al: (1) declarar "No Ha Lugar" la *Solicitud de Devolución de Licencia de Armas* cuando la jurisdicción y competencia le corresponde al Tribunal Municipal, quien ordenó la ocupación de la misma; (2) determinar que la devolución de la licencia de armas, depende del estatuto legal bajo el cual se haya expedido la licencia, y (3) al determinar que es improcedente la devolución de la licencia de armas por haber estado el Peticionario sujeto a una *Orden de Protección* durante los doce (12) meses previos a la *Solicitud de Devolución.* Veamos.

Del expediente ante nuestra consideración se desprende que el 16 de octubre de 2025, el señor Heredia Felipe presentó una "**Petición de Orden de Protección**" en contra del señor Díaz Meléndez, al amparo de la Ley Núm. 284-1999, *supra.* Ese mismo día, el foro de instancia determinó que existían motivos suficientes para expedir un orden *ex parte*, toda vez que el señor Díaz Meléndez realizó gestos o acciones dirigidas a intimidar, amenazar o perseguir al Recurrido. En vista de lo anterior, le prohibió al Peticionario, entre otras cosas, acercarse, molestar, intimidar o contactar al señor Heredia Felipe por cualquier medio.

De igual forma, le ordenó entregar a la Policía de Puerto Rico cualquier arma de fuego y licencia de armas que le pertenezca o esté bajo su control. El 20 de noviembre de 2025, se celebró una vista donde las partes manifestaron su intención de desistir de la medida de alejamiento objeto de la presente controversia. En este contexto, el 3 de diciembre de 2025, el Peticionario presentó una *Moción Informativa* a través de la cual solicitó la devolución de sus armas. Dicho petitorio fue denegado mediante *Resolución Interlocutoria* emitida el 20 de enero de 2026.

Conforme hemos reseñado en los acápites anteriores, la Ley Núm. 284-1999, *supra*, fue promulgada con el fin ulterior de luchar contra cualquier tipo de manifestación de violencia que atente contra los valores de seguridad, dignidad y respeto que se quieren mantener para nuestra sociedad. Por ello, el Artículo 5 de dicho estatuto dispone que las personas que han sido víctimas de acecho pueden presentar una petición en el tribunal solicitando una orden de protección sin que sea necesario la radicación de una denuncia. 33 LPRA sec. 4015. Cuando el Tribunal determine que existen motivos suficientes para creer que la parte peticionaria ha sido víctima de acecho, además de las medidas cautelares que estime pertinentes, deberá ordenar a la parte peticionada entregar a la Policía de Puerto Rico cualquier arma de fuego sobre la cual se le haya expedido una licencia de tener o poseer de portación. Íd.

Tras un análisis detenido y ponderado de la prueba documental que consta en el legajo apelativo, incluyendo la "**Petición de Orden de**

**Protección**", la "**Orden de Protección Ex Parte**" y la *Resolución Interlocutoria,* hemos arribado a la conclusión de que el TPI actuó correctamente al denegar la *Solicitud de Devolución de Arma de Fuego*. Nos explicamos.

De entrada, es menester resaltar que, como norma general, corresponde al Negociado de la Policía de Puerto Rico adoptar las medidas preventivas necesarias dirigidas a evitar la ocurrencia de incidentes desafortunados o lamentables. Pueblo v. Morales Roldán, 213 DPR 1112, 1131 (2024). En esa misma línea, una vez el foro judicial determina que existen motivos suficientes para creer que una persona ha sido víctima de acecho, surge para el Tribunal el deber de ordenar a la parte concernida la entrega al Negociado de la Policía de Puerto Rico de cualquier arma de fuego, para la cual se le haya expedido una licencia de tener o portar. 33 LPRA sec. 4015. En este contexto, resulta importante resaltar que la devolución de un arma de fuego no se puede efectuar en el vacío. Corresponde al promovente de dicha solicitud poner en condiciones al foro pertinente y establecer los elementos necesarios para que prospere este tipo de petición.

Sobre este particular, coincidimos con el foro de instancia a los efectos de que el Peticionario no acompañó evidencia alguna que demostrara que poseía una licencia de armas válida y/o vigente o si ha sido objeto de actuación administrativa por parte del Negociado de la Policía de Puerto Rico. Tampoco surge del expediente electrónico del caso información esencial sobre el arma reclamada, su custodia actual ni el cumplimiento con el resto de los requisitos reglamentarios aplicables. Así pues, bajo dichas circunstancias, era imposible para el foro recurrido ejercer sus facultades adjudicativas responsablemente. Ello cobra aún más importancia, cuando se trata de asunto de alto interés público. Después de todo, nuestro sistema de derecho es uno rogado que presupone poner en condiciones al juzgador para conceder el remedio solicitado.

Siendo estas las circunstancias de este caso, corresponde al Peticionario efectuar su petición de devolución del arma de fuego ante el

Negociado de la Policía de Puerto Rico. Es este el foro que tiene custodia del arma en controversia y el que está en mejor posición de evaluar la aludida solicitud, con el beneficio de todos los elementos de juicio necesarios. Sobre nuestra conclusión, reconocemos que en ocasiones anteriores hemos determinado que es el foro de instancia el adecuado para adjudicar este tipo de controversia. Sin embargo, al analizar las particularidades del presente caso, entendemos que el trámite se debe llevar ante el Negociado de la Policía, quien tiene acceso a todos los datos y elementos necesarios para determinar si procede la devolución del arma en el caso de autos. Lo anterior, puesto que el expediente carece de documentación alguna que acredite y/o que ponga en posición al TPI para, tan siquiera, evaluar los méritos de la controversia que nos ocupa.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, *expedimos* el auto de *certiorari* y *confirmamos* la *Resolución Interlocutoria* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones